RegionUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PLANNED PARENTHOOD** | : | Case No. 2:15-cv-3079 |
| **SOUTHWEST OHIO REGION** | : | |
| C/O Gerhardstein & Branch, LPA | : | **Judge** |
| 432 Walnut Street, Suite 400 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| **PLANNED PARENTHOOD OF** | : | **COMPLAINT FOR DECLARATORY** |
| **GREATER OHIO** | : | **AND INJUNCTIVE RELIEF** |
| C/O Gerhardstein & Branch, LPA | : | |
| 432 Walnut Street, Suite 400 | : | **TRO AND PRELIMINARY** |
| Cincinnati, Ohio 45202 | : | **INJUNCTION REQUESTED** |
| | : | |
| **Plaintiffs,** | : | |
| vs. | : | |
| | : | |
| **RICHARD HODGES** | : | |
| 246 N. High Street | : | |
| Columbus, Oh 43215 | : | |
| In his official capacity as the Director of the | : | |
| Ohio Department of Health | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## I.  PRELIMINARY STATEMENT

1. Since 1974, Ohio has required that fetal tissue be disposed in a "humane" manner and Plaintiff abortion providers have always abided by that directive as well as all regulations regarding disposal of fetal tissue, and, upon information and belief, have never been cited by the Defendant for violating those regulations.  However, on Friday, December 11, 2015, Plaintiffs were accused of violating the fetal tissue disposal rule and advised that an injunction would be pursued by the Defendant in state court on December 14, 2015.  Plaintiffs learned of this supposed violation through a letter issued by Attorney General DeWine's office on Friday

morning and of the lawsuit from a press conference he held that afternoon. Plaintiffs did not hear from the Ohio Department of Health about this until Plaintiffs reached out, and they have had no notice or opportunity to be heard on these charges before facing the extreme remedy of an injunction. Defendant has abandoned his standard process of providing notice of alleged non-compliance and providing an opportunity to submit a plan of correction through administrative procedures.

2. Plaintiffs, like all medical providers who dispose of fetal tissue, have always been held to comply with the laws and regulations for disposal for infectious materials. But now for the first time, Defendant has arbitrarily singled out Plaintiffs and claims that their actions in *following* infectious waste rules nonetheless *violates* the fetal tissue rule. This sudden and targeted treatment is no doubt motivated by his animus to a woman's right to safe and legal abortion and to Planned Parenthood in particular.

3. Plaintiffs therefore challenge the fetal tissue requirement as void for vagueness and subject to arbitrary enforcement and challenge Defendant's actions as a violation of their right to equal protection of the laws. Plaintiffs seek a temporary restraining order to preserve the status quo and enjoin Defendant from enforcing the requirements for disposal of fetal tissue as applied.

## II. JURISDICTION AND VENUE

4. Jurisdiction over the federal claims is conferred on this Court by 28 U.S.C. § 1331 and §1343(a)(3) and (a)(4).

5. Venue is proper under 28 U.S.C. § 1391.

## III. PARTIES

6. Plaintiff Planned Parenthood Southwest Ohio Region ("PPSWO") is a non-profit corporation organized under the laws of the State of Ohio, and operates seven health centers in and around Cincinnati, Ohio. PPSWO and its predecessor organizations have provided care in Ohio since 1929. PPSWO provides a broad range of medical services to women and men in Ohio, including: birth control, annual gynecological examinations, cervical pap smears, diagnosis and treatment of vaginal infections, testing and treatment for certain sexually transmitted diseases, HIV testing, pregnancy testing, and abortions. PPSWO operates a licensed ambulatory surgical facility in the Elizabeth Campbell Medical Center, at 2314 Auburn Avenue, Cincinnati, Ohio, where surgical abortion and medication abortion services are provided. PPSWO sues on its own behalf, on behalf of its current and future medical staff, servants, officers, and agents, and on behalf of its patients.

7. Planned Parenthood of Greater Ohio ("PPGOH") is a non-profit corporation organized under the laws of the State of Ohio that was created in 2012 following the successful consolidation of Planned Parenthood of Northeast Ohio, Planned Parenthood of Central Ohio, and Planned Parenthood Affiliates of Ohio. PPGOH works for healthy bodies and healthy communities by maintaining 20 health center locations in communities throughout North, East, and Central Ohio. PPGOH provides a broad range of medical services to women and men in Ohio, including: birth control, gynecological examinations, cervical pap smears, diagnosis and treatment of vaginal infections, vasectomies, testing and treatment for sexually transmitted diseases, HIV testing, pregnancy testing, and abortions. In addition, PPGOH provides extensive health education programs for teens and young adults as well as infant mortality reduction programs. PPGOH operates licensed ambulatory surgical facilities at 25350 Rockside Rd.,

Bedford Heights, OH and 3255 East Main Street, Columbus, Ohio, where surgical and medical abortion services are provided.  PPGOH sues on its own behalf, on behalf of its current and future medical staff, servants, officers, and agents, and on behalf of its patients.

8. Defendant Richard Hodges is the Director of the Ohio Department of Health ("ODH") and is responsible for enforcing the fetal tissue disposal rules. Defendant Hodges also has the authority to take actions to enjoin Plaintiff's operations.  Defendant Hodges is a "person" under 42 U.S.C. § 1983, and all of the actions alleged in this case have been taken under color of law.  He is sued in his official capacity.

## IV. FACTS

### A. Abortion Practice and Disposal of Fetal Tissue

9. Women seek abortion for a variety of deeply personal reasons, including familial, medical, financial, and personal. Some women have abortions because they conclude that it is not the right time in their lives to have a child or to add to their families; some to preserve their life or health; some because they receive a diagnosis of a severe fetal medical condition or anomaly; some because they have become pregnant as a result of rape; and others because they choose not to have children.

10. Approximately one in three women in this country will have an abortion by age forty-five. A majority of women having abortions (61%) already have at least one child, while most (66%) also plan to have a child or additional children in the future.

11. Women in Ohio may obtain two types of abortion: medication abortion and surgical abortion. Medication abortion is a method of ending an early pregnancy by taking medications that cause the woman to pass the products of conception, similar to an early miscarriage.  Medication abortion is available in Ohio only through 49 days from the first day of a woman's last menstrual period ("LMP").

4

12. Surgical abortion, despite its name, does not involve any incision. It is legal in Ohio until viability.

13. Most abortions are performed during the first trimester of pregnancy, when the gestational age of the fetus is at or less than fourteen weeks LMP.

14. Because abortion is so safe, the vast majority of abortions can be and are safely provided in an outpatient setting. In 2013, 99.6% of Ohio abortions were performed in an outpatient center.

15. When Plaintiffs perform surgical abortions, the products of conception or fetal tissue are treated with respect and safely disposed of by Plaintiffs in a manner that complies with all laws and regulations.

**B. History of the Regulation for Disposal for Fetal Tissue**

16. In 1974, Ohio passed a law that required that the Director of the Ohio Department of Health to adopt rules regarding the, "Humane disposition of the product of human conception." R.C. § 3701.341.

17. In 1975, the Director issued OAC § 3701-47-05 which requires that, "The fetus shall be disposed of in a humane manner." The regulation has never been amended or changed during the past 40 years.

18. Fetal tissue disposal is also subject to regulation as infectious waste under O.A.C. §3745-27-30 (standards for generators of infectious wastes); O.A.C. § 3745-27-32 (standards for the operation of infectious waste treatment facilities). In 1995, Ohio passed a law requiring ASFs to obtain a license from ODH. In 1999, ODH notified the abortion facilities in Ohio that they needed to apply for such a license.

19. Every year Plaintiffs are inspected by ODH for compliance with ODH's regulations, including regulations regarding disposal of fetal tissue.

20. The standard process ODH uses to address alleged compliance deficiencies starts with a notice of the deficiency which states the rule that is in question; the facts, including witness names and documents reviewed; and provides a reasonable time for the facility to create a plan of correction.  If the facility submits an acceptable plan of correction within the time provided, ODH sends written confirmation that the deficiency is cured.  None of this has occurred here.

21. Plaintiffs dispose of fetal tissue in a manner that complies with the fetal tissue disposal laws and in a manner that also fully complies with the infectious waste regulations. Specifically, Plaintiffs have contracted with approved certified medical waste company which was obligated to dispose of the material in a manner consistent with all state and federal laws. Upon information and belief, all of those contracts invoices, receipts and verifications have been available to Defendant for review.

22. Prior to December 11, 2015, Defendant has, upon information and belief, never before indicated that the disposal methods employed by Plaintiffs failed to comply with the fetal tissue disposal regulation.

**C.  Arbitrary Enforcement of Fetal Tissue Disposal Regulations**

23. On the afternoon of December 11, 2015, Plaintiffs received notice through the media that ODH will sue PPSWO and PPGOH for an injunction on Monday December 14, 2015, for allegedly violating the fetal tissue disposal regulation.

24. Press statements by the Ohio Attorney General that day arbitrarily accused Plaintiffs, without explanation or evidentiary support, of violations that had never been raised with them.  These actions interfered with Plaintiffs' contractual relationships with the medical waste vendor used by both Plaintiffs, causing the vendor to immediately cancel its contracts with the Plaintiffs. Appropriate alternative arrangements  are being made, but Plaintiffs stand at risk

of repeated use of these heavy handed unfair tactics in the future in place of normal, appropriate notice and an opportunity to be heard should new questions arise.

25. At no time have the Plaintiffs received any notice or opportunity to be heard about how their lawfully compliant practice now suddenly violate the requirements how fetal tissue should be disposed.

26. ODH has inspected Plaintiffs' surgical facilities at least annually for the last decade. From time to time, ODH notified the Plaintiffs (or their predecessor) of non-compliance with regulations ODH enforces. In each occasion, ODH gave the facility notice, the factual basis for the non-compliance, and time to submit a plan of correction. ODH followed none of those steps on December 11, 2015. Instead, ODH sent Plaintiffs a letter stating that the Attorney General Charitable Law Section had completed its investigation of whether Plaintiffs have violated any Ohio charitable law and concluded Plaintiffs were in compliance. Specifically, ODH found that after a thorough investigation, it found no indication PPPSWO or PPGOH sold fetal tissue. During that investigation, the Attorney General alerted Plaintiffs of the investigation, explained the source of the allegation and facts that formed the basis of the alleged non-compliance, provided Plaintiffs with an opportunity to respond and submit documents.

27. On December 11, 2015, the Attorney General, for the first time, notified Plaintiffs it had also investigated fetal tissue disposal. The Attorney General informed Plaintiffs that in his view, such disposal violated O.R.C. § 3701.341 and O.A.C § 3701-47-05, both of which are enforced by ODH. The Attorney General notified Plaintiffs that the information would be forwarded to ODH for "further action." However, the Attorney General told the Plaintiffs through the media that a lawsuit would be filed Monday December 14, 2015 seeking an

injunction. The Attorney General did not provide Plaintiffs with any facts, statements, documents or proof of the alleged non-compliance or an opportunity to respond to the allegation.

28. On information and belief, hospitals, ASFs and various medical facilities dispose of infectious medical materials, including fetal tissue, in a manner consistent with that of the Plaintiffs.

29. The City of Cincinnati Department of Health inspects PPSWO's compliance with infectious waste rules and has found it compliant.

30. Prior to December 11, 2015, Defendant has never taken the position or notified anyone that *following* infectious waste rules nonetheless *violates* the fetal tissue disposal rule.

31. The actions of the Defendant are arbitrary. Changing the interpretation of the fetal disposal rule without notice and then taking enforcement action only against Plaintiffs and not against other medical facilities for disposing of fetal tissue in the same manner as Plaintiffs, violates Plaintiffs' right to due process and equal protection under the law.

32. O.R.C. § 3701.341 and O.A.C. § 3701-47-05, as applied to Plaintiffs, is unconstitutionally vague and subject to arbitrary enforcement.

33. There is no adequate remedy at law. Plaintiffs have a strong likelihood of success on the merits and are suffering irreparable harm. An injunction by this Court will preserve the status quo and serve the public interest.

## V. CLAIM FOR RELIEF – 42 U.S.C. § 1983

34. Defendant, acting under color of law, has violated rights secured to the Plaintiffs by the Fourteenth Amendment to the United States Constitution including the right to due process of law and the right to equal protection under the law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

A. Issue a Temporary Restraining Order and Preliminary Injunction Restraining Defendant Hodges, his agents, and all those acting in concert with him from enforcing OAC § 3701-47-05 as applied to the fetal tissue disposal practices of PPSWO and PPGOH;

B. Issue a permanent injunction against Defendant Hodges, his agents, and all those acting in concert with him from enforcing the enforcing OAC 3701-47-05 as applied to the fetal tissue disposal practices of PPSWO and PPGOH;

C. Issue a declaratory judgment that OAC 3701-47-05 is unconstitutionally vague as applied to the fetal tissue disposal practices of PPSWO and PPGOH and that Defendant's actions towards PPSWO and PPGOH violate their right to equal protection under the law;

D. Award to Plaintiffs reasonable costs, expenses, and attorney fees;

E. Award such other and further relief as this Court shall deem just and reasonable.

Respectfully submitted,

/s/ William G. Porter
William G. Porter (0017296)
Kimberly W. Herlihy (0068668)
Martha Brewer Motley (0083788)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
Columbus, Ohio  43215
(614) 464-5448
(614) 719-4911  fax
wgporter@vorys.com
kwherlihy@vorys.com
mbmotley@vorys.com

*Attorneys for Plaintiffs Planned Parenthood of Greater Ohio*

/s/Alphonse A. Gerhardstein
Alphonse A. Gerhardstein# 0032053
*Trial Attorney for Plaintiffs*
Jennifer L. Branch #0038893
GERHARDSTEIN & BRANCH CO. LPA
432 Walnut Street, Suite 400
Cincinnati, Ohio 45202
 (513) 621-9100
 (513) 345-5543 fax
agerhardstein@gbfirm.com
jbranch@gbfirm.com

*Attorneys for Plaintiffs Planned Parenthood Southwest Ohio Region*

Helene T. Krasnoff
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
(202) 973-4800

9

        (202) 296-3480 (fax)
carrie.flaxman@ppfa.org

Jennifer Sandman
Planned Parenthood Federation of America
434 W. 33rd Street
New York, N.Y. 10001
Telephone: 212-261-4749
Facsimile: 212-247-6811
Email: jennifer.keighley@ppfa.org

*Co-counsel for all Plaintiffs*

*Applications for admission pro hac vice forthcoming*